Good morning. May it please the Court, I'm Brigitte Alvarez and I represent petitioners Enrique Jaime Ramirez and Claudia Jennifer Heinrich-Raposo. Before I begin, I'd like to reserve one minute for rebuttal. As affirmed in Banuelos at Young, this Court reviews de novo whether or not a state criminal conviction is a removable offense. Unlike Mr. Banuelos, who had a 2000 conviction for 273.5, there's a reasonable probability that an offense under 273.55 in 1997 could have involved conduct that fell outside the definition of a crime of violence. For example, the title of the statute itself, in plain language, is willful infliction of corporal injury or battery and assault. Violation of that particular section can include conduct that neither involves physical force nor injury. For example, a violation of 273.55, a predicate offense, could fall under California Penal Code 244.5. 273.55, that's what he was convicted of? In 1997. In 1997. It says any person convicted of violating section 273.5. And then it goes on to say for acts occurring. So doesn't that presuppose that he's been convicted of 273.5? And then the question is whether his 273.5 conviction is aggravated by the factors within 273.55? Well, the 273.5 was pre-IRA-IRA. It was March of 1996. To apply Banuelos-Aillon, which involved a post-IRA-IRA 273.5, to convictions that occurred prior to the effective date of this ground of removability would actually go against this court's previous holding in La Desma Galicia. I don't understand that. He was either convicted of 273.5 or he wasn't. The 273.5, the critical issue is that it occurred in March of 1996. The 273.55 was from November of 1997. You're missing my point. We're talking past each other, I'm afraid. Now, let's be sure. You're relying on 273.55. Okay. But that in and of itself simply refers us back to 273.5. So 273.5 didn't change in those years. The question is whether he was convicted of a crime, which is a domestic violence crime. And 273.5, as Banuelos-Aillon says, is categorically a crime of violence, right? Categorically a crime of violence for post-IRA-IRA 273.5. Well, I don't know that you can prove that up. Yeah, you're trying to use 273.5, the follow-on to the statement. That's what I'm having trouble tracking the argument. It says, any person convicted of violating 273.5, and then it goes on to how his sentence might be enhanced. But the predicate for that 273.55 is that he has been convicted of 273.5. Would you be making your argument if he, in fact, had been pled to 273.5? Yes, I would. Okay. So you're just basically 273.55 is sort of a side issue. The question is whether the 273.5 conviction pre-IRA qualifies. Yes, Your Honor. That's it. It doesn't depend on the language of 273.55 at all. Well, in the general sense, if we were talking about the categorical definition of whether a violation of 273.55 is in itself, because it has a predicate offense of 273.55, if that. And 273.55 is not a domestic, doesn't have any element of domestic abuse. Correct. It's just a general assault statute. Yes. It includes willful infliction of corporal injury or specified battery and assault violations. Therefore, not every offense that falls under 273.55 matches up to a special domestic relationship and injury. Kansa, that's why I'm losing you. You're reading the heading of 273.55. Okay? But it says before you even get in to the follow-on cross-references to sections, he has to have been convicted of 273.5. Correct? So what he was convicted of has to be, at a minimum, has to be 273.5. If he doesn't, if the acts weren't occurring within seven years, et cetera, et cetera, then he's not subject to the punishment provisions of 273.55. But at a base level, he still, we're still looking at whether 273.5 is a categorical crime of violence. Right? Yes, Your Honor. But your position, I understand, although you never briefed this, you just assume it, is that because the 273.5 conviction was pre-Ira-Ira, that can't be the basis for the finding here. And, but you never prove that up. You just say it. There was a, there was a California Department of Justice report that was submitted in, with the brief to the BIA. In addition, at the time... No, I'm saying something else. I'm sorry, Your Honor. Your assumption seems to be that the 273.5 conviction itself could not be the basis for any finding here. Any finding of, of, what was the basis, first of all? What did the BIA say? Well, the BIA affirms an indiscernible decision of the immigration judge. The immigration judge stated that his application would be pre-permitted because of a 1997 conviction involving domestic violence. There was a notation by defense counsel on the cancellation application itself that said 1997 conviction, 273.5. That's actually incorrect in comparison to the FBI record, which the government submitted at the merits hearing. At any rate, he was relying on the 1970, 1997 conviction. She had. She. But nobody is relying, in your view, on the 1996 conviction directly. It was unclear because there was a 1996 arrest that showed up on the FBI. So from the judge's decision, it's unclear whether she's looking at the 1996 or looking at the 1997. Right. And your position is, if I can summarize it, is that the 1997 conviction can't be it because it doesn't have anywhere in it any domestic violence provision directly. Yes. It does have a prior for domestic violence, but that conviction is not, doesn't have a domestic violence element even in the alternative or divisibility or anything else. No. All right. So then your next position is that, and it can't be the 273.5 because that would be impermissibly retroactive, and that you're just assuming. You haven't argued that. You haven't given us any argument on that issue. Well, even if there are, there's been a lot of movement in this area since the case was briefed, specifically with, even the board itself reversed its position that it issued in this case in its own presidential decision matter, Gonzalez-Silva, which was a few months after this case was at the board. And this was a result that was affirmed in Mota v. Mukasey, that only if a conviction post-930-1996 can be affirmed as a grounds for removal under 237A-2E. Which is a domestic violence section. Right. All right. So that's their position you're now telling us. Well, that's very interesting. I don't think it's in your brief. That's the problem. We're kind of operating a little blind here. Another issue is that I had left the firm since I briefed this issue due to administrative oversight. There was not a motion to substitute submitted, rather a notice to appear for an additional attorney at the firm. All right. So your position with respect to the retroactivity problem is that there is firm, you're telling us now, although it's not in your brief, that there is firm BIA law that it has to be a post-96 conviction. Yes. Okay. So therefore, we should be looking only at the 97 conviction. Looking at the 97 with an eye to what happened in 96 and what the basis was for, I'm sorry, let me back up. The basis for the BIA's affirmance said the 1997 conviction is a crime of violence as supported by U.S. v. Humanis. A decision from this court that was a sentencing case that actually never even cited the particular code section, whether it was a California law, Nevada law. It just included the title of inflicting corporate injury, corporal injury on the spouse. Reliance on U.S. v. Humanis and stating that for the 1997 conviction it was necessarily a discernible decision. Now, the Bunwellis-Ann case is not about .55, it's about .5? Yes. So you would argue it's not applicable here? It's inapplicable for not only that reason, but also because it involved a post-Ira-Ira 273.5. Another argument to address is that the modified categorical analysis fails to clarify whether or not domestic violence, this crime was a domestic violence. The government raised that petitioners weighed the issue, however... On your view, it wouldn't possibly matter, right? Because this would be a statute that, because the statute itself doesn't require any domestic violence on any construction, on any subdivision or anything, it just wouldn't matter. Right. So, however, reference in addressing the waiver argument, reference to a record of conviction and also invoking Taylor necessarily puts the board on notice to address the issue, even if the statute itself was not used. In addition, according to Figueroa v. Mukasey, the petitioner need not argue anything or present any developed argument, but has still been found to have exhausted the issue. But why isn't 273, and I guess this is what Judge Fischer was asking, 273.55 seems to me to be an element that violates 273.5. So why are you saying that it doesn't have that element? What's unclear about 273.55 is that it reads as a recidivist statute, and it's unclear whether it's one 273.5 or two 273.5s that are predicate offenses in order to be punished under 273.55. This has not been construed, has it, by this? No. That's our problem. But, you know, the plain reading to me seems to be it's talking about whether we're looking at 96 or 97, in either case he had to be convicted of 273.5. And then if he had a prior act of conviction under, as it was spelled out after that, then you aggravate it. But, you know, he could. So I don't think there's a separate offense of 273.55 that doesn't include as a subset predicate 273.5 is what you're applying 273.55 to. It's not a prior. And then you come along and you have 96, 273.5. And then you come along and in 97, you commit a 273.55. It's some kind of separate offense. It's a 273.5 again. But because it winds up as qualifying for the acts occurring in seven years, et cetera, then it falls within the punishment provisions of 273.55. That's my reading. You think that I'm reading it wrong. You think it's referring to a prior which could have been 273.5 in 96. Yes. And somehow 273.5 doesn't be a separate issue. Whether it qualifies as a categorical domestic spousal offense. Right. Okay. I think an important issue to note is that in the California Department of Justice report that was submitted with the BIA brief, there is a charge for 273.5 in 1997, but there's no conclusive proof that he was convicted of or that charge was not. All right. So the government also says. You're five minutes over time right now. Okay. Thank you. This immigration law is so simple, isn't it? Good morning. I think, Your Honor. I know you do. Introduce yourself. This is a new case. Good morning. Jessica Sherman on behalf of the respondent Eric Holder. The board correctly concluded that Mr. Ramirez's conviction under 273.55 is a crime of domestic violence. Okay. Let me just cut right through. Right. As you noted. You've heard what my reading is. As you noted, and I believe your interpretation of the statute is correct, there are two requirements for conviction under 273.55. First, an offense under, and there's a list of statutes, 243D, 243.4, 244, 245, 247, and also 273.5. Prior offense under that, under one of those statutes, if the victim of the prior offense is designated under subdivision A of 273.5. So there, the prior conviction must also be in a domestic relationship. But are the listed ones under 273.55, are those all domestic crimes? I believe there are different assault and battery. And how do we know which one it is? Well, the record shows that he was convicted in 96 of 273.5. By 96. But what about 97? Well, in 90, so there's two requirements for the 273.5. First, the conviction under one of those statutes. And then a subsequent conviction of 273.5 within seven years. So we have the prior offense of 273.5 in 1996. Which is the prior offense? I believe it's in 96, 273.5. I thought it was the other way around. Well, looking at the language, it says any person convicted of 273.5 for acts occurring within seven years of a previous conviction under a list of statutes. So in other words, the previous convictions don't matter then. If 273.55 requires a conviction for 273.5, then all we have to worry about is 273.5. Correct, Your Honor. In order to be convicted under 273.55, the triggering event is a conviction under 273.5. It's a weird statute because he wasn't actually convicted under 273.5. It was convicted under 273.55. Well, looking at the California state law interpretation, and I apologize I was not able to find a published case analyzing this, but it seems to show that this 273.55 is really a sentence enhancement. It's a harsher sentence for recidivists. Okay. So why, given the fact that 273.5 includes cohabitants and not spouses, and the federal statute doesn't, why isn't that enough to show that it's not categorically covered? Well, this Court has consistently upheld cohabitant abuse. I mean, it's the exact same language as 273.5. Where? In final SIO. Yes, but that wasn't about that. It was only about whether it was violent. It wasn't about – and, in fact, in several other cases, earlier cases, we've held that if it just covers cohabitants, it isn't good enough. But those statutes were also found to be crimes of domestic violence. In fact, the mere fact that it's not just a spouse, if it's a cohabitant, a person who is the mother or father of his child, or somebody with whom she's – I mean, it presupposes, I think, to – It couldn't just be a roommate? It does say – I mean, it does say anyone with whom he's cohabitating. Right. Or somebody with whom he has a child. But I think it was written in a way to encompass the various forms. All right. Do we have – do you have any case you can point to? Because that is – Bindwellis-Ion is not one in which we have held that the cohabitant language is sufficient. Well, this Court has never held that – has never decided the issue. But I think it's important that in Bindwellis-Ion, the very statute we're discussing here was found to be a crime of domestic violence. And although the Court never considered the precise issue being raised here, whether cohabitant abuse is enough, I mean, the Court did find it's categorically a crime of domestic violence. Well, as to the – actually, what it actually found specifically – Correct. Let's admit it. We conclude that Bindwellis-Ion's conviction is categorically a crime of violence despite the arguments to the contrary. So essentially, it found that his arguments didn't prove it wasn't. But it didn't say that any other arguments you might come up with that were also overruled. That's correct. But I think that – All right. So why don't you tell us then why this – assuming that Bindwellis-Ion doesn't control why this is a categorical crime of domestic violence. Categorically, it has all the requirements to be a crime of domestic violence because there's the willful infliction of corporal injury, which shows the intentional force. And the victim must be a person defined by statute as a cohabitant, a spouse, or a person with whom the inflictor of violence has a child. And I think that the statute encompasses the wide variety of different types of domestic relationships that we see in present-day society. Well, what if it's just a roommate? What if two guys are living together as roommates and one beats up the other? Is that encompassed by 273.5 under your reading? There's no romantic or other relationship other than just cohabiting in the same – Well, arguably there are small – these small, you know – How does – is cohabiting defined in the California law? I don't have an explicit definition. But I think taking the statute as a whole in the way that it's grouped together, it clearly presupposes a domestic relationship because there are just – I mean, there are the exact same kind of offenses without the cohabitation relationship. This is – Your assumption is when the legislature used cohabitant, they were thinking of a familial, sexual, romantic, whatever relationship. Given that it was clear. And that because California recognized domestic relationships under Marvin v. Marvin and all of that, that that's what they were trying to reach. Correct, Your Honor. I think it was trying to encompass the wide variety of situations that can arise in domestic relationships. There are no cases that so interpret. Not that I'm aware of, Your Honor. Okay. Did the BIA rule on this? The BIA's decision is certainly not entirely clear. I mean, they do rely – the IJ clearly relied on the 1997 conviction for willful infliction of corporal injury on a spouse. However, because this Court reviews de novo whether this is a crime of domestic violence, any agreement to the Board for further analysis is really inappropriate because the Court would be – the Board would be bound by this Court's precedent, finding that 273.5 is categorically a crime of domestic violence. And because 273.55 encompasses 273.5, the Board would – hands would be tied. There's nothing left for the Board to decide if the case were remanded for more analysis. Does the Court have any other questions? I can quickly address the motion to remand filed by the female petitioner. I think it's important to note that it was her burden to show prima facie eligibility for relief. And in her motion to remand and brief to the Board, she only stated that her mother would suffer exceptional and extremely unusual hardship if she was removed without providing any analysis or description. But I gather that there was an earlier record. Yes, Your Honor. About the mother and their relationship and so on. So did she have to put something in her – the only reason why she was denied the first time was the lack of the relationship. Nobody has ever looked at her – at the hardship question, but there is a record. It's not like she was just going flat. So nobody ever looked back at her record. Actually, Your Honor, if you do look back at the record, the entirety of the testimony is about the younger children's asthma and ADD and the hardship that causes to the mother. But there's actually no discussion whatsoever of how Jennifer assisted her mother with taking care of her younger siblings or what type of relationship she had with the mother, other than a psychological report that said that the mother is very close with her children. But other than that, there's no explanation of what Jennifer did to assist her parents with her younger siblings or what other contributions she made to the household to show that the hardship would be caused to her mother. And so because there's no testimony and no record evidence about what Jennifer did and how her removal would affect her mother, she hasn't set forth prima facie eligibility for relief. Again, the hardship is to the mother, not to her younger siblings, because younger siblings are not qualifying relatives. In this Court's decision in Partap v. Holder in 2010, the Court held under very similar circumstances that an alien failed to establish prima facie eligibility for cancellation of removal when they did not proper any evidence showing exceptional, extremely unusual hardship. Here the record is devoid of any evidence of the hardship that Jennifer's removal would cause to her mother. Thank you. Thank you very much, Anders. All right. I think we've all used our time. Thank you, Counsel. Thank you. All right, we're on number four.
judges: Pregerson, Fisher, Berzon